UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC SOLSTEIN,

                        Plaintiff,

            v.

LARRY GOLD, et al.,

                     Defendants.

No. 18-CV-9875 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      Plaintiff filed this Action on October 24, 2018, against Larry Gold ("Gold"), Erik Rhuleu ("Rhuleu"), Thomas Senator ("Senator"), and Ernesto Mirra ("Mirra").  (Compl. (Dkt. No. 1).) On February 26, 2019, Plaintiff filed an Amended Complaint against Senator and Mirra, thereby terminating Gold and Erik as defendants.  (Am. Compl. (Dkt. No. 12).)  On June 21, 2021, Plaintiff entered into a settlement with Senator.  (Dkt. Nos. 86, 87.)

      Mirra has not made an appearance in this case.  (*See generally* Dkt.)  On March 12, 2021, Senator entered an Affidavit of Service of Senator's pre-settlement Answer and Crossclaim against Mirra.  (Dkt. No. 78.)

      On November 13, 2020, Plaintiff filed documents for a default judgment.  (Dkt. Nos. 65–68.)  Because Plaintiff had not obtained a clerk's certificate of default, the Clerk's Office found the filings deficient.  (Dkt. (notice entry on November 16, 2020).)  On June 14, 2021, Plaintiff submitted a request for a clerk's certificate of default.  (Dkt. No. 83.)  To date, no such certificate has been issued.

      On June 24, 2021, Mirra did not appear at a status conference held before the Court. (Dkt. (minute entry of June 24, 2021).)  Since that date, however, Plaintiff has not filed the remaining default judgment paperwork; rather, Plaintiff's efforts have surrounded a subpoena

issued to the Sullivan County Attorney's Office ("SCAO"), a non-party in this action.  (*See* Dkt. Nos. 88–93.)  Ultimately, the Court granted SCAO's Motion to Quash the Subpoena.  (Dkt. No. 92.)

Following the Court's order, Plaintiff has missed two different status conferences on Wednesday February 23, 2022, and Wednesday March 2, 2022.  Following his second non-appearance, Plaintiff represented to the Court that he wished to close his case and would file a letter to the Court confirming that desire.  By March 16, 2022, no such letter had been filed.

On March 16, 2022, the Court ordered Plaintiff to show cause by March 30, 2022, as to why his case should not be dismissed for failure to prosecute.  (Dkt. No. 97.)  In the Order, Plaintiff was told that "[t]he Court may dismiss this case without prejudice without further notice in the event that good cause is not shown."  (*Id.*)  To date, the Court has not heard anything further from Plaintiff.

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (citation and quotation marks omitted).  The Second Circuit

has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citation omitted). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations omitted) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210 (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)); *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissing this Action. As noted, Plaintiff was warned that the Court may dismiss Plaintiff's case for failure to prosecute. (Dkt. No. 97.) Plaintiff's only communication with the Court was a phonecall placed following missing his second consecutive status conference wherein Plaintiff affirmatively stated a desire to conclude the case. Given the duration of Plaintiff's failure to take any action with respect to his case, his failure to comply with the Court's order, and his affirmative, expressed desire to conclude the litigation, the Court concludes that dismissal is warranted. Furthermore, in light of Plaintiff's pro se status, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The

sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Ramsaran v. Abraham*, No. 15-CV-10182, 2017 WL 6542499, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing certain claims for failure to prosecute when the plaintiff did not comply with a court order); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (dismissing case and noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case" (italics omitted)); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the plaintiffs failed to respond to correspondence from defense counsel and the court received no communication from the plaintiffs for nearly two months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED:      March 31, 2022
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE